IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| GLORIA CORWIN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:18-cv-00740 |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) | JUDGE RICHARDSON |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion to Remand (Doc. No. 8), supported by an accompanying brief (Doc. No. 9). Defendant filed a response (Doc. No. 12). For the reasons discussed below, Plaintiff's Motion to Remand will be **DENIED**.

## FACTUAL BACKGROUND

On April 26, 2018, Plaintiff filed his Complaint in the Chancery Court for Rutherford County, Tennessee. (Doc. No. 1-2 at 6). On July 3, 2018, Plaintiff served Defendant's statutory agent, the Commissioner of the Tennessee Department of Commerce and Insurance, as required by Tennessee Code Annotated Section 56-2-501. (*Id*. at 16). On July 17, 2018, Plaintiff then served Defendant's designated agent-in-fact, Corporation Service Company. (*Id*. at 15). On August 7, 2018, Defendant removed the case to this Court. (Doc. No. 1). On September 5, 2018, Plaintiff filed her Motion to Remand this case to state court. (Doc. No. 9).

## STANDARD FOR REMOVAL

Civil claims filed in state court which could have been originally brought in federal court may be removed by a defendant to federal court. *See* 28 U.S.C. § 1441(a). The procedure for filing a notice of removal is governed by 28 U.S.C. § 1446:

> The notice of removal . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

§ 1446(b). Courts should construe this statute "strictly, narrowly and against removal." *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins., Co.*, 5 F.3d 963, 968 (6th Cir. 1993). The party seeking removal bears the burden of establishing that removal is proper. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

**ANALYSIS**

Defendant filed its Notice of Removal thirty-five days after service of process on its statutory agent. Therefore, Plaintiff argues that Defendant's removal is not timely because it was not filed within thirty days of service of process, as required by 28 U.S.C. § 1446(b). (Doc. No. 9 at 1–2). In response, Defendant argues the thirty day clock for removal did not begin to run until service of process on its agent-in-fact, "which was the first actual notice [Defendant] had of this lawsuit." (Doc. No. 12 at 2; Doc. No. 12-1 ¶ 9). Thus, Defendant contends that its Notice of Removal was timely because it removed the case only twenty-one days after service of process on its agent-in-fact. (Doc. No. 12 at 2). This presents the Court with the question of if service of process on a defendant's statutory agent alone triggers the thirty day period for removal under § 1446(b).

Although there is no decision by the Supreme Court or the Sixth Circuit on point, the majority of federal district courts opine that service on a statutory agent does not trigger the Section 1446(b) removal period. *See Lilly v. CSX Transp., Inc.*, 186 F. Supp. 2d. 672, 673–74 (S.D. W. Va. 2002) (collecting cases). Rather, the defendant's actual notice of the lawsuit is key (*i.e.*, actual

receipt of formal service by the defendant). *See Farris v. Youngblood*, 248 F. Supp. 598, 599 (E.D. Tenn. 1965) ("The time for removal under such statutes is computed from the date the defendant, or an agent appointed by him, actually receives the process, as opposed to the date a statutory agent of the defendant receives the summons."); *Taphouse v. Home Ins. Co.*, 885 F. Supp. 158, 161 (E.D. Mich. 1995) (noting that there is no indication that Congress intended the time limit for removal to include the time taken by a state agency or official to process service of the complaint and re-serve it on the actual defendant); *Tucci v. Hartford Fin. Servs. Grp., Inc.*, 600 F. Supp. 2d 630, 632–33 (D.N.J. 2009) (collecting cases). Therefore, it appears to be "well-established" among federal district courts that the "removal period begins not with service on a statutory agent, but with receipt by defendants or their true agent." *Tucci*, 600 F. Supp. 2d at 632–33; *see also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3731 (4th ed. 2017) ("At one time it was not clear whether service on a statutory agent . . . was sufficient to commence the time period for removal . . . . Realistically speaking, of course, statutory agents are not true agents but merely are a medium for transmitting the relevant papers. Accordingly, it now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service[.]").

The Fourth Circuit recently considered this issue. In *Elliott v. American State Insurance Co.*, 883 F.3d 384, 392 (4th Cir. 2018), as here, the defendant removed the case within thirty days of receiving the complaint, but not within thirty days of service on its statutory agent. The court held that "when a statutory agent is served, the time to remove the case runs from the defendant's actual receipt of the complaint." *Id*. The court noted that no other court of appeals had considered this issue, but the "vast majority of district courts to have considered this issue agree with this approach." *Id*. (citing *Gordon v. Hartford Fire Ins. Co.*, 105 F. App'x 476, 480 (4th Cir. 2004)).

3

The court reasoned that a straightforward reading of the removal statute supports the position that a thirty day period for removal does not commence until a defendant or his designated agent actually receives a copy of the pleadings, as the statute provides a defendant must file for removal "within 30 days *after the receipt by the defendant*" and says nothing about service on a statutory agent. *Id.* (quoting § 1446(b)) (emphasis added). Further, the court examined the legislative history and explained "it is clear that the congressional intent in enacting and amending § 1446(b) was to provide the defendant with adequate time to consider filing for removal" *Id.* at 393 (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)). The court reasoned that its holding would ensure defendants have adequate time to decide whether to remove the action to federal court, as "[s]erving a statutory agent does not guarantee that the defendant is provided with actual notice of the complaint." *Id.*

The Court is persuaded by the Fourth Circuit's reasoning in *Elliott* and the numerous district courts that have followed the same approach. The Court also finds it significant that Plaintiff does not cite, and this Court cannot find, a single case supporting her proposed approach. Nor has Plaintiff provided any other compelling reason for the Court to depart from this well-established principle. Furthermore, the Court recognizes the potential prejudicial effects that could occur if the time period for removal commences before a defendant has notice of a lawsuit against it. *See Ashford v. Bollman Hat Co.*, No. CIV.A. 10-192-JBC, 2011 WL 127153, at *3 (E.D. Ky. Jan. 14, 2011) (quoting *Cygielman v. Cunard Line Ltd.*, 890 F. Supp. 305, 307 (S.D.N.Y. 1995) ("A defendant's removal right should not depend upon the 'rapidity and accuracy' with which a statutory agent informs a defendant of litigation against him.")); *Hardy v. Square D. Co.*, 199 F. Supp. 2d 676, 683–84 (N.D. Ohio 2002) ("[I]f an agent, such as an attorney general or highway commissioner, is established by operation of law, without having been personally selected by a

4

party, then such agent may not have the same level of accountability to a party regarding prompt notification and forwarding of service."). Accordingly, the Court holds that service of process on a statutory agent does not trigger the thirty day period for filing a notice of removal under § 1446(b).

Here, Defendant's first notice of this lawsuit occurred on July 17, 2018, when his agent-in-fact was served with process. Defendant removed the case twenty-one days later on August 7, 2018, well within the thirty day time period provided in § 1446(b). Thus, Court finds Defendant filed a timely Notice of Removal. Accordingly, Plaintiff's Motion to Remand will be denied.

## CONCLUSION

For the foregoing reasons, the Court holds Defendant's Notice of Removal was timely. Therefore, the Court will **DENY** Plaintiff's Motion to Remand (Doc. No. 8).

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE